
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED BULK TERMINALS DAVANT, LLC<br><br>    Plaintiff<br><br>v.<br><br>KEYSTONE INDUSTRIES, LLC<br><br>    Defendant | CIVIL ACTION NO. 2:14-cv-755<br><br>SECTION<br>Judge<br><br>MAGISTRATE<br>Magistrate Judge |

VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, United Bulk Terminals Davant, LLC ("UBT"), and for its Verified Complaint against Keystone Industries, LLC ("Keystone"), avers upon information and belief as follows:

JURISDICTION AND VENUE

I.

This is a case of admiralty and maritime jurisdiction within the meaning of RULE 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE. This court has admiralty jurisdiction under 28 U.S.C. § 1333. It is instituted in accordance with the provisions of RULE B of the SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS ("RULE B") and Section 8 of the Federal Arbitration Act, 9 U.S.C. § 8 ("Section 8"), in order to obtain security for UBT's claims against Keystone to be asserted in an arbitration proceeding, if necessary. In the alternative, pursuant to RULE 64 of the FEDERAL RULES OF CIVIL PROCEDURE, UBT invokes the remedies provided by LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 3541, *et. seq.*, for a writ of

attachment, and LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 3571, *et. seq.*, for a writ of sequestration.

II.

Venue is proper in accordance with the provisions of RULE B, as UBT seeks a maritime attachment of Keystone's property in this judicial district.

THE PARTIES

III.

At all material times, plaintiff, United Bulk Terminals Davant, LLC, was and still is a limited liability company engaged in the business of providing bulk cargo terminal services, including open hopper river barge and ocean vessel cargo transfer services and cargo storage services, organized and existing under the laws of the State of Louisiana, with its principal place of business in Davant, Louisiana.

IV.

At all material times, defendant, Keystone Industries, LLC, was and still is a limited liability company engaged in the business of producing and supplying coal and other similar bulk commodities, organized and existing under the laws of the State of Maryland, having no office or place of business within this judicial district.

THE 2013-2015 BULK CARGO TRANSFER AND STORAGE AGREEMENT

V.

UBT and Keystone entered into a Bulk Cargo Transfer and Storage Agreement ("2013-2015 Agreement") whereby UBT was to provide Keystone with unloading, transfer and/or storage services for coal from March 1, 2013 through December 31, 2015. *See* Exhibit 1. Specifically, UBT provided services to Keystone that included the unloading of open hopper

river barges, and the transferring of cargo either directly from barges to ocean vessels or to storage at UBT's facility and subsequently to ocean vessels.

VI.

This 2013-2015 Agreement contained detailed rate provisions and included the following payment terms:

> **INVOICING/PAYMENT**
>
> 4.01 **FOR TRANSFER.** UBT shall, upon Barge unloading and receipt of the certification required by Section 2.04.1 herein, render invoices to Shipper in the full amount of their respective Transfer charges provided in Section 3 herein.  Shipper agrees to pay each such invoice within thirty (30) days of the invoice date….
>
> * * *
>
> 4.02 **FOR GROUND STORAGE.** On the first day of every month during the Term of this Agreement, Shipper shall advance pay for that month the Ground Storage Reservation Fee ….
>
> * * *
>
> 4.03 **FAILURE TO PAY INVOICES WHEN DUE.** … In the event that Shipper fails to make payment when due hereunder, all amounts outstanding but not yet due shall be deemed to be accelerated without notice and such amounts shall earn interest as described herein….
>
> * * *
>
> 4.04 **CARGO OWNERSHIP.** Shipper warrants that all Cargo tendered to UBT pursuant to this Agreement shall be owned by Shipper or by a third party on whose behalf Shipper has authority to act, and UBT shall have lien rights against said cargo as provided by law….

VII.

Pursuant to the parties' 2013-2015 Agreement, UBT has provided and continues to provide maritime services and equipment to Keystone, as outlined in the contract, from March 2013 through the present day. UBT duly submitted invoices to Keystone for the work performed pursuant to the Agreement, but some of the charges incurred have not been paid. Specifically, beginning in October 2013 and continuing through the present date, the following charges have been incurred, but not paid:

| Invoice No. | Date | Due Date | Amount | Total Interest | Invoice + Interest Due |
|---|---|---|---|---|---|
| MI0312-039888 | 10/2/2013 | 10/2/2013 | $78,125.00 | $8,581.63 | $86,706.63 |
| MI0312-040042 | 11/6/2013 | 11/6/2013 | $78,125.00 | $7,300.26 | $85,425.26 |
| XF0312-040040 | 11/6/2013 | 11/16/2013 | $26,135.97 | $2,442.23 | $28,578.20 |
| XF0312-040041 | 11/6/2013 | 11/16/2013 | $1,543.33 | $144.21 | $1,687.54 |
| MI0312-040175 | 12/4/2013 | 12/4/2013 | $78,125.00 | $6,037.81 | $84,162.81 |
| XF0312-040174 | 12/4/2013 | 12/14/2013 | $4,471.04 | $345.54 | $4,816.58 |
| MI0312-040322-B | 1/9/2014 | 1/9/2014 | $80,078.13 | $4,913.88 | $84,992.01 |
| MI0312-0400422 | 2/5/2014 | 2/5/2014 | $80,078.13 | $3,657.84 | $83,735.97 |
| XF0312-0400388 | 1/28/2014 | 2/7/2014 | $15,984.39 | $730.14 | $16,714.53 |
| XF0312-0400494 | 2/20/2014 | 3/2/2014 | $18,985.81 | $573.85 | $19,559.66 |
| MI0312-040574 | 3/6/2014 | 3/6/2014 | $80,078.13 | $2,420.36 | $82,498.49 |
| MI0312-040606 | 4/1/2014 | 4/1/2014 | $80,078.13 | $1,201.17 | $81,279.30 |
| | | | | **TOTAL:** | **$660,156.99** |

*See* Exhibit 2, spreadsheet of outstanding amounts owed and copies of all outstanding invoices, attached *in globo*. Demand for payment of the referenced invoices has been made, and although the amounts owed have not been disputed, the invoices remain unpaid. *See* Exhibit 3.

VIII.

Although Keystone has not disputed that it is obligated to pay the charges referenced above for UBT's provision of maritime services and equipment pursuant to the 2013-2015 Agreement, Keystone has refused to do so despite amicable demand, resulting in a balance, as of the day of filing this suit, due and owing to UBT pursuant to the 2013-2015 Agreement of $660,156.99, with interest continuing to accrue on a daily basis, and a monthly ground storage

4

reservation fee continuing to accrue as of the first day of each month through the balance of the term of the Agreement.  *See* Exhibit 2.

## CURRENT DEMAND FOR BREACH OF MARITIME CONTRACT

IX.

UBT repeats and realleges paragraphs I-VIII as if repeated verbatim herein.

X.

As a result of Keystone's breach of its obligations under the subject maritime contract to pay UBT for services provided to Keystone under the parties' 2013-2015 Agreement, UBT has suffered damages in the amount of $660,156.99, as best as can be ascertained to date, plus costs, ongoing interest and attorney's fees.

XI.

Pursuant to Section 5.07.11 of the 2013-2015 Agreement:

> UBT shall have the right to retain possession of and/or relocate any Cargo within Terminal property if necessary, and UBT shall have a lien against the Cargo as provided by law.

XII.

Pursuant to these provisions of the 2013-2015 Agreement, UBT asserts a contractual lien against any cargo of Keystone in its possession for the amounts invoiced to Keystone that remain unpaid.

## ARBITRATION

XIII.

UBT repeats and realleges paragraphs I-XII as if repeated verbatim herein.

XIV.

Pursuant to the terms of the 2013-2015 Agreement, any dispute or need for interpretation of the Agreement that cannot be resolved is subject to arbitration in New Orleans. *See* Exhibit 1. UBT is unaware of any facts in dispute with Keystone, but reserves the right to arbitrate if necessary.

XV.

In addition to any contractual liens and otherwise existing statutory liens, in accordance with 9 U.S.C. § 8, UBT is entitled to obtain pre-judgment security for any of its claims that may be subject to arbitration by way of a maritime attachment under RULE B. In the alternative, UBT is entitled to pre-judgment security by way of a Louisiana writ of attachment and writ of sequestration.

RULE B RELIEF

XVI.

UBT repeats and realleges paragraphs I-XV as if repeated verbatim herein.

XVII.

Keystone has breached its aforesaid obligations under the parties' maritime contract as described above.

XVIII.

UBT avers that Keystone cannot be found within this judicial district within the meaning of RULE B. However, UBT submits that Keystone has goods and chattels within this judicial district subject to attachment including, but not limited to, a cargo of coal stored at UBT's Davant, Louisiana facility (the "Keystone Coal"). More particularly, there are two storage piles of Keystone Coal located on the downriver side of UBT's Yard #2 (C System), at the back of the

yard (last two piles from the river on this yard).  The piles are designated QL-Keystone and QH-Keystone.

XIX.

UBT agrees to release, hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of Keystone's Coal.

STATE LAW LIEN RIGHTS

XX.

UBT repeats and realleges Paragraphs I-XIX as if repeated verbatim herein.

XXI.

Pursuant to the terms of the 2013-2015 Agreement, UBT has lien rights against the Keystone Coal as provided by law.  In addition to the Rule B attachment rights asserted herein, UBT asserts all available lien rights it has under Louisiana law, including, but not limited to, La. R.S. § 10:7-209, *et seq*.

XXII.

UBT also asserts all available privilege rights it has under Louisiana law, including, but not limited to, statutory privileges pursuant to La. Civ. Code arts. 3217 and 3224, *et seq*.

WRIT OF ATTACHMENT RELIEF PURSUANT TO
LA. CODE CIV. P. ART. 3541, *ET. SEQ.*

XXIII.

UBT repeats and realleges Paragraphs I-XXII as if repeated verbatim herein.

XXIV.

Keystone has breached its aforesaid obligation under the parties' contract as described above.

XXV.

UBT avers that a writ of attachment should be issued, as UBT claims a security interest, lien, or privilege affecting the Keystone Coal.

XXVI.

UBT avers that Keystone is a non-resident which has no duly appointed agent for service of process, entitling UBT to a Louisiana Writ of Attachment, pursuant to LA. CODE OF CIV. P. ART. 3541(5), applicable in this Court pursuant to RULE 64(b) of the FEDERAL RULES OF CIVIL PROCEDURE, and executable against all property of Keystone in this state.

## WRIT OF SEQUESTRATION RELIEF PURSUANT TO LA. CODE OF CIV. P. ART. 3571, *ET. SEQ.*

XXVII.

UBT repeats and realleges Paragraphs I-XXVI as if repeated verbatim herein.

XXVIII.

Keystone has breached its aforesaid obligations under the parties' contract.

XXIX.

UBT avers that a writ of sequestration should be issued, as UBT claims a security interest, lien, or privilege affecting the Keystone Coal.

XXX.

UBT is entitled to the sequestration of the Keystone Coal pursuant to its lien rights established in the 2013-2015 Agreement, in accord with La. Code of Civ. P. art. 3571, as applicable in this Court pursuant to RULE 64(b) of the FEDERAL RULES OF CIVIL PROCEDURE.

WHEREFORE, UBT prays:

A.	That process in due form of law and according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against the aforementioned Keystone Coal, and that all persons claiming any title or right to said Keystone Coal may be cited to appear and answer under oath the allegations of this Verified Complaint;

B.	That since Keystone cannot be found within this judicial district pursuant to RULE B, this Court issue an Order directing the Clerk of Court to issue process of maritime attachment, attaching all of Keystone's tangible or intangible property or any other funds in the judicial district which are due and owing or otherwise the property of Keystone, including the Keystone Coal, up to the amount of $660,156.99, to secure UBT's claims asserted herein, as best as can be presently ascertained, together with contractual interest as may continue to accrue, costs, attorney's fees, all other costs of this action, including United States Marshals Service fees and expenses, and any required storage costs;

C.	That the Keystone Coal be attached forthwith pursuant to RULE B, all pursuant to a writ of foreign attachment as authorized or permitted by the FEDERAL RULES OF CIVIL PROCEDURE in the amount of $660,156.99, as best as can be presently ascertained, together with contractual interest as may continue to accrue, costs, attorney's fees, all other costs of this action, including United States Marshals Service fees and expenses, and any required storage costs;

D.	In the alternative, that the Keystone Coal be attached and sequestered pursuant to LA. CODE CIV. P. ART. 3541 and 3571, as applicable pursuant to RULE 64 of the FEDERAL RULES OF CIVIL PROCEDURE; and

E.	That UBT have such other and further relief as justice may require.

Respectfully submitted:

THE MILLER LAW FIRM,
PADUCAH-NEW ORLEANS, PLLC


By: */s/ Allan C. Crane*
Allan C. Crane (#23700)
Stephanie D. Skinner (#21100)
365 Canal Street, Suite 860
New Orleans, LA 70130
Tele:   (504) 684-5044
Fax:    (866) 578-2230
acrane@millerlaw-firm.com
sskinner@millerlaw-firm.com

Attorneys for Plaintiff,
United Bulk Terminals Davant, LLC